# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JAY GEROW, et al.,

    Plaintiffs,

v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. C08-5087BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A PROTECTIVE ORDER; STAYING DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS; AND QUASHING DEPOSITION SUBPOENAS

This matter comes before the Court on Defendants' Motion for a Protective Order; Staying Discovery Pending Resolution of Motion to Dismiss; and Quashing Deposition Subpoenas (Dkt. 22). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 13, 2008, Plaintiffs Jay Gerow and ZDI Gaming, Inc., filed a complaint against Defendants State of Washington, Rick Day, John Ellis, Janice Niemi, Peggy Bierbaum, Kevin Rojecki, and Margarita Prentice. Dkt. 1. Plaintiffs allege that Defendants violated 42 U.S.C. § 1983, Washington tort laws, and the Washington State Constitution. *Id*.

ORDER - 1

On August 28, 2008, Defendants filed a Motion for a Protective Order; Staying Discovery Pending Resolution of Motion to Dismiss; and Quashing Deposition Subpoenas. Dkt. 22. Defendants claim that Plaintiffs have requested the depositions of Thomas Fitzsimmons, John Lane, and David Trujillo. *Id.* Defendants have also filed a Motion to Dismiss (Dkt. 21) that is noted for consideration on September 26, 2008. On September 5, 2008, Plaintiffs responded. Dkt. 23. On September 8, 2008, Defendants replied. Dkt. 29.

## II.  DISCUSSION

Defendants move the Court for (1) a protective order staying discovery and (2) an order quashing Plaintiffs' subpoenas. Dkt. 22.

**1.  Protective Order Staying Discovery**

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). Defendants argue that there is "good cause" to issue a protective order staying discovery until the resolution of their motion to dismiss. *See* Dkt. 22 at 8-10. Defendants claim that "[c]oncepts of judicial economy are offended by allowing . . . discovery to proceed while a Motion to Dismiss, which will likely dispose of the entire case and controversy, is pending." *Id*. at 10. Plaintiffs counter that they are "of the exact opposite opinion" regarding the outcome of the motion to dismiss. Dkt. 23 at 12.

The filing of a dispositive motion inherently creates the possibility that further discovery may be rendered moot or unnecessary. Defendants offer no persuasive reason for disregarding the case schedule in this matter, and if Defendants are unable to timely produce material, then they may move for an appropriate extension. A pending dispositive motion, however, does not make discovery obligations unduly burdensome or expensive. Therefore, Defendants' motion for a protective order is denied because Defendants have failed to show good cause for the order.

**2.    Motion to Quash**

Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for one day's attendance and the mileage allowed by law. Fed. R. Civ. P. 45(b)(1). The subpoena must also "set out the text of Rule 45(c) and (d)." Fed. R. Civ. P. 45(a)(1)(A)(iv).

Defendants have moved to quash subpoenas requiring Thomas Fitzsimmons, John Lane, and David Trujillo to appear at depositions. Dkt. 22 at 10. Mr. Fitzsimmons was scheduled to be deposed on September 9, 2008 and, for the purposes of this order, the Court will assume that the deposition has occurred. As for the subpoenas that Plaintiffs served on Mr. Lane and Mr. Trujillo, Defendants claim that they are substantively and procedurally flawed. Dkt. 29 at 5; *see also* Dkt. 30 at 5-10 (actual subpoenas). The subpoenas do not contain the text of Fed. R. Civ P. 45(c) and (d). Moreover, Defendants' counsel claims that Plaintiffs did not provide attendance or mileage fees for either Mr. Lane or Mr. Trujillo. Dkt. 30, Declaration of H. Bruce Marvin, ¶ 4. Therefore, Defendants' motion to quash the subpoenas that Plaintiffs served on Mr. Lane and Mr. Trujillo is granted because the subpoenas do not comply with Fed. R. Civ. P. 45.

### III.  ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion for a Protective Order; Staying Discovery Pending Resolution of Motion to Dismiss; and Quashing Deposition Subpoenas (Dkt. 22) is **GRANTED in part** and **DENIED in part** as stated herein.

DATED this 9th day of September, 2008.

BENJAMIN H. SETTLE
United States District Judge